**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PEDRO OBDULIO ROJAS-RAMIREZ, | No. 18-70667 |
| Petitioner, | Agency No. A074-809-493 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 12, 2020[**]

Before: HAWKINS, GRABER, and BYBEE, Circuit Judges.

Petitioner Pedro Rojas-Ramirez, a native and citizen of El Salvador, timely

petitions for review of the Board of Immigration Appeals' order dismissing his

appeal from the immigration judge's denial of his application for withholding of

---

[*]   This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]   The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

removal and protection under the Convention Against Torture ("CAT").  We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

1.  The agency did not err in concluding that Petitioner is ineligible for withholding of removal because substantial evidence supports the agency's finding that Petitioner did not establish a nexus between his fear of future harm and his family status.  See Zetino v. Holder, 622 F.3d 1007, 1015–16 (9th Cir. 2010) (reviewing for substantial evidence a finding that a petitioner's potential persecution would not be on account of a protected ground).  Petitioner credibly testified that, over a period of thirteen years, his family members were threatened and attacked in El Salvador by various individuals for various reasons.  According to Petitioner, some of those incidents amounted to random violence, while others were due to the desire of unknown individuals to avoid criminal prosecution, extort money, or extort land.  The record therefore does not compel a finding that any persecution Petitioner would endure if returned to El Salvador would be on account of his family membership.  See 8 U.S.C. § 1252(b)(4)(B) ("administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary").  Accordingly, Petitioner is not eligible for withholding of removal.

2

2.  Substantial evidence also supports the agency's conclusion that Petitioner is ineligible for protection under CAT.  See Aguilar Fermin v. Barr, 958 F.3d 887, 891–92 (9th Cir. 2020) (stating the substantial evidence standard).  Petitioner was not harmed when previously living in El Salvador, and he presents no evidence of a "particularized threat" that he would be tortured if returned.  Dhital v. Mukasey, 532 F.3d 1044, 1051 (9th Cir. 2008) (per curiam).  The record therefore does not compel a finding that Petitioner is "more likely than not" to be tortured if returned to El Salvador.  8 C.F.R. § 1208.16(c)(2).  Accordingly, Petitioner is not eligible for protection under CAT.

**PETITION DENIED.**